The following constitutes
the order of the court. Signed November 16, 2009

_____
Roger L. Efremsky
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 09-56463 |
| ) | Chapter 13 |
| SEAN PILLAR and ) | |
| CHINTANA PILLAR, ) | |
| ) | **Trial Date:** December 15, 2009 |
| Debtors. ) | **Time:** 2:45 p.m. |
| ) | **Length of Trial:** 1 hour |
| _____ ) | |

**SCHEDULING ORDER FOR TRIAL ON
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

A preliminary hearing on the Objection to Confirmation of Chapter 13 Plan by creditor, Patelco Credit Union, was held on November 12, 2009. Appearances were as follows:

[X] For Creditor, PATELCO CREDIT UNION:
_____Joshua Scheer_____("Creditor");

[X] For Debtors, SEAN and CHINTANA PILLAR:
_____Cathleen Moran_____("Debtors").

Upon due consideration, the court hereby enters the following scheduling order.

/ / / /

1. The trial ("Trial") on the above matter will commence on **December 15, 2009, at 2:45 p.m.**, at the United States Bankruptcy Court, 280 So. First Street, Room 3099, San Jose, CA 95113. The trial is scheduled for **1 hour.**

2. Evidence at the Trial must be in written (declaration) form, unless the court issues an order allowing oral testimony. B.L.R. 4001-1(e). Any motion for permission to introduce any oral testimony shall be filed and served **seven (7) days before the date set for Trial** and shall include the names of the witnesses, the subject of their expected testimony, and a statement of the reasons why the testimony cannot properly be introduced by declaration.

3. Debtors shall cooperate to make the vehicle available for creditor to inspect. The inspection shall occur during "regular business hours," which means Monday through Friday, from 9:00 a.m. to 5:00 p.m. The inspection shall occur either at Debtors' residence or Debtors' place of work, whichever, at Debtors' option, is more convenient.

4. **Not later than seven (7) calendar days before the date set for Trial**, each party shall:

(a) File, serve, and provide the Court with a Chambers Copy of a trial brief. The trial brief shall include a summary of the facts to be proven and the legal theories on which the party relies. The court will not normally request or permit post-trial briefs. Briefs shall not exceed fifteen (15) pages without prior permission of the court.

(b) File, exchange, and provide the Court with a Chambers Copy of: (i) any expert valuation declarations and

supporting documentation (i.e., appraisals) that the parties intend to rely on at Trial; and (ii) a notice identifying any other declarations or memoranda previously filed in connection with any preliminary hearings.

(c) File and serve a list of exhibits (other than those exhibits to be used for impeachment or rebuttal) in accordance with the attached form. All items shall be completed with the exception of the date boxes pertaining to identification and admittance, which are to be left blank.

(d) Exchange, but not file, copies of all exhibits the party intends to introduce into evidence. Any paper(s) in the Court's file of which a party intends the court to take judicial notice must be copied and included as an exhibit.

(e) Lodge with the Court **the original and two copies** of the party's exhibits, together with **the original and two copies** of the party's Exhibit List.

The exhibits shall be pre-marked for identification. Creditor's exhibits should be marked by number and Debtor's exhibits should be marked by letter. Each page of any exhibit that has more than one page is to be numbered consecutively.

The parties shall bring to Trial sufficient copies of the exhibit list and all exhibits for opposing counsel, **as well as an extra copy for the court**.

If a party has ten (10) exhibits or less, the exhibits shall be marked with the party's number or letter in the lower right hand corner in ink. If a party has more that ten (10) exhibits, the exhibits should be placed in a three-ring binder with the exhibit list placed at the front of the binder. The

exhibits shall be divided by tabs extending beyond the page on the right hand side and the tab shall bear the number or letter of the exhibit. If a party has in excess of twenty-five (25) exhibits, the party shall contact the Courtroom Deputy for further instructions.

5. Promptly after receipt of the items mentioned in Paragraph 4, each party must advise the opposing party of any objections to the introduction of testimony or exhibits. Parties must meet and confer before Trial to attempt to reach agreement regarding admissibility. The court expects the parties to make good faith efforts to resolve all evidentiary issues.

6. If efforts to resolve questions regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than **four (4) court days** before the date set for Trial. Such motions should include a certification that the moving party has complied with paragraph 5. Opposition thereto should be filed and served no later than **one (1) court day** before the date set for Trial. Copies of motions and oppositions should be delivered or faxed directly to Chambers. Motions in limine will be heard at the commencement of Trial.

7. At the commencement of Trial, the parties shall be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose. Bonafide objections may be reserved, with the issue of admissibility deferred until the exhibit is offered into evidence.

8. Any expert witness who has provided a valuation declaration upon which a party intends to rely at trial, must

appear **in person** at trial for cross-examination.  If an expert witness does not personally appear at trial, his or her declaration will be stricken.

9. The requirement of advance identification of witnesses and production of exhibits does not apply to witnesses and exhibits presented for purposes of impeachment or rebuttal.

10. **No later than 4:00 p.m. on Monday, December 7, 2009**, counsel for Creditor must telephone the court's Courtroom Deputy, Ms. Carol Barnhill (408-278-7557) and report: whether the parties intend to go forward with the Trial as scheduled; if settlement is likely; whether the time reserved for the Trial is realistic; and any other relevant information.

11. Ongoing settlement discussions and/or undocumented resolutions of the matter do **not** excuse the parties from compliance with this order.  The only event that excuses compliance is a complete resolution of the matter which has been documented and which documentation has been filed with the court prior to the deadlines set forth in the order.

12. Any failure of either party to comply timely with any of the provisions of this order may result in continuance of the matter to a date of the court's choosing, judgment against such party, removal of the Trial from calendar, exclusion of evidence, and/or imposition of monetary or non-monetary sanctions. Fed. R. Bankr. P. 7016.

**\*\*\*END OF ORDER\*\*\***

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

Date _____

Case No. _____  Trial Date _____

Courtroom _____  Trial Time _____

_____ vs. _____

## EXHIBIT LIST

( )  Creditor/Objecting Party      Attorney : _____

( )  Debtors                       Attorney: _____

| Exhibit Number/ Exhibit Letter | Date Marked for Identification | Date Admitted in Evidence | Description |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | |
|---|---|
| 1 | **Court Service List**: [by mail and/or ECF] |
| 2 | Sean Pillar |
|   | 3427 Judi Ann Ct. |
| 3 | San Jose, CA 95148 |
| 4 | Chintana Pillar |
|   | 3427 Judi Ann Ct. |
| 5 | San Jose, CA 95148 |
| 6 | Cathleen Cooper Moran |
|   | Moran Law Group, Inc. |
| 7 | 1674 N Shoreline Blvd. #140 |
|   | Mountain View, CA 94043-1375 |
| 8 | |
|   | Joshua L. Scheer |
| 9 | Scheer Law Group, LLP |
|   | 155 N. Redwood Drive, Suite 100 |
| 10 | San Rafael, CA 94903 |
| 11 | Devin Derham-Burk |
|   | P.O. Box 50013 |
| 12 | San Jose, CA 95150-0013 |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# CERTIFICATE OF NOTICE

```
District/off: 0971-5          User: clcaban           Page 1 of 1              Date Rcvd: Nov 17, 2009
Case: 09-56463                Form ID: pdfeo          Total Noticed: 1
```

The following entities were noticed by first class mail on Nov 19, 2009.
db/jdb     +Sean Pillar,   Chintana Pillar,   3427 Judi Ann Ct.,   San Jose, CA 95148-4336

The following entities were noticed by electronic transmission.
NONE.                                                                                    TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 19, 2009**                    Signature:       *Joseph Speetjens*

Case: 09-56463    Doc# 38    Filed: 11/19/09    Entered: 11/19/09 21:48:16    Page 8 of 8